# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNETTE DODSON, : | CIVIL ACTION |
|     Plaintiff, : | |
|     v. : | No. 09-1007 |
| TIAA-CREF, : | |
|     Defendant. : | |

## MEMORANDUM OPINION

**Goldberg, J.**                                                                  **December 8, 2009**

This case involves a dispute brought under the Employee Retirement Income Security Act of 1947 (hereinafter "ERISA") over funds in an IRA currently held and managed by Defendant, TIAA-CREF. Before the Court is Defendant's, TIAA-CREF, motion to dismiss for lack of subject matter jurisdiction. For the reasons discussed below, the motion will be granted.

## I. Background

Plaintiff, Annette Dodson, alleges that Defendant has failed to appropriately distribute funds to her as the designated beneficiary of the decedent's, Glenn A. Dodson (hereinafter "Mr. Dodson"), TIAA-CREF individual retirement account ("the IRA").[1] Plaintiff asserts that federal jurisdiction is appropriate pursuant to ERISA - 29 U.S.C. § 1132. Defendant disagrees and has moved to dismiss this action for lack of federal subject matter jurisdiction, claiming that the IRA is not an ERISA qualified plan.

## II. Standard of Review

A motion to dismiss under FED. R. CIV. P. 12(b)(1) challenges the power of a federal court

---

[1] Annette Dodson is Mr. Dodson's ex-wife.

to hear a claim or case. Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). The Plaintiff has the burden of proving that federal jurisdiction does in fact exist. Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006). Motions under FED. R. CIV. P. 12(b)(1) may take one or two forms. The first form, a facial attack, assumes that allegations in the complaint are true but argues that those allegations fail to present an action within the court's jurisdiction. Tolan v. United States, 176 F.R.D. 507, 509 (E.D.Pa. 1998). The court should grant such a motion to dismiss only if it is clear that the assertion of jurisdiction would be improper. Carpet Group Int'l v. Oriental Rugs Imps. Ass'n Inc., 227 F.3d 62, 69 (3d Cir. 2000).

The second form of attack argues that although the pleadings may appear to satisfy the jurisdictional standard on their face, one or more of the allegations in the pleadings is untrue, and thus, leads to a lack of jurisdiction. Tolan, 176 F.R.D. at 510. In such circumstances, the court must evaluate the merits of the disputed allegations because "the trial court's ... very power to hear the case" is at issue. Id.; Carpet Group, 227 F.3d at 69. Because the instant 12(b)(1) motion presents a factual attack on this Court's subject matter jurisdiction, the latter standard will be used.

**III. Analysis**

The Complaint at issue provides few details regarding the IRA. Rather, it baldly alleges that the IRA is an ERISA qualified plan because the administrator of Mr. Dodson's estate forwarded to Plaintiff a proposed stipulation regarding the estate, which in part suggests that the account in question is subject to ERISA. (Compl. Ex. B).

Defendant, through an affidavit signed by one of its service representatives, provides a more detailed history of the IRA. This affidavit explains that Mr. Dodson was employed by the Philadelphia Orchestra and the Curtis Institute of Music from 1968 until he retired in 1999, and

participated in ERISA qualified plans during the course of his employment. On September 1, 2004, Mr. Dodson purchased the IRA in question, which was funded by a roll-over from a separate Fidelity IRA. (Although not clearly pled in the Complaint or the response to the motion to dismiss, the Court will assume, giving Plaintiff the benefit of the doubt, that this Fidelity IRA was funded by a contribution or roll-over from Mr. Dodson's ERISA qualified plan(s) during his employment). Plaintiff was named as the beneficiary for the IRA at that time. There are no additional factual allegations that the IRA was an employee pension benefit plan pursuant to ERISA. (Compl. ¶¶ 6-9, 14; Certification in Support of Motion to Dismiss).

ERISA defines qualified employee pension benefit plans as "any plan, fund or program which ... is established or maintained by an employer or by an employee organization...." 29 U.S.C. § 1002(2)(A). Where an employer has no role in the establishment or maintenance of a plan and the plan was purchased by an employee, that plan is not an ERISA qualified plan. Marsico v. The Unum Group, No. 07-1482, 2007 WL 4233319, at *2 (Nov. 28, 2007, W.D.Pa.).

IRAs are defined and governed by 26 U.S.C. § 408(a). "In general, ERISA does not cover IRAs." Charles Schwab & Co. v. Chandler, et al., No. 06-119, 2006 WL 2872434, at *2 (Oct. 5, 2006, D.Ariz.) citing 29 U.S.C. § 1051(6) (stating that ERISA participation and vesting requirements shall not apply to "an individual retirement account ... described in section 408 of Title 26"). The regulations further state that ERISA does not apply to IRAs. See 29 C.F.R. § 2510.3-2(d)(1) ("[f]or purposes of Title I of the Act [ERISA] and this chapter, the terms 'employee pension benefit plan' and 'pension plan' shall not include an individual retirement account described in section 408(a) of the Code").

Here, the IRA was individually funded by contributions from Mr. Dodson and not by employer contributions. Even if the IRA at issue was funded through a roll-over from the Fidelity IRA funded from Mr. Dodson's ERISA qualified plan(s) from his employment, those allegations are insufficient to establish that the IRA is an ERISA qualified plan. There is no exception under the regulations for roll-over contributions from an ERISA qualified plan to an IRA that could convert the non-ERISA qualified plan to an ERISA qualified plan. Charles Schwab & Co. 2006 WL 2872434 at *2.

Therefore, because the IRA in question is not an ERISA qualified plan, there can be no federal question jurisdiction and Defendant's motion to dismiss for lack of subject matter jurisdiction must be granted.

## IV. Conclusion

Defendant's motion to dismiss for lack of subject matter jurisdiction is granted. Plaintiff has not met her burden of proof that there is federal subject matter jurisdiction over this action given that the IRA is not an ERISA qualified plan.

An appropriate Order follows.